1  WILLIAM J. GOINES (SBN 61290)
   CINDY HAMILTON (SBN 217951)
2  ALICE Y. CHU (SBN 264990)
   GREENBERG TRAURIG, LLP
3  1900 University Avenue, 5th Floor
   East Palo Alto, CA  94303-2283
4  Telephone:  (650) 328-8500
   Facsimile:  (650) 328-8508
5
   Attorneys for Defendant LF2 Rock Creek LP
6

7                 UNITED STATES DISTRICT COURT

8                 EASTERN DISTRICT OF CALIFORNIA

9

10  BEST BUY STORES, L.P.,                    Case No. 2:13-CV-00433-MCE-AC

11        Plaintiff,                          **STIPULATED PROTECTIVE ORDER**

12  v.

13  LF2 ROCK CREEK LP,
                                              Complaint Filed:  March 5, 2013
14        Defendant.                          Trial Date:   None

15

16        Plaintiff BEST BUY STORES, L.P., and Defendant LF2 ROCK CREEK LP (collectively, the

17  "Parties"), by and through their respective undersigned counsel and subject to this Court's approval,

18  hereby stipulate and agree as follows:

19        1.        PURPOSES AND LIMITATIONS

20        Disclosure and discovery activity in this action are likely to involve production of confidential,

21  proprietary, or private information for which special protection from public disclosure and from use for

22  any purpose other than prosecuting this litigation would be warranted.  Accordingly, the Parties hereby

23  stipulate to and petition the Court to enter the following Stipulated Protective Order.  The Parties

24  acknowledge that this Order does not confer blanket protections on all disclosures or responses to

25  discovery and that the protection it affords extends only to the limited information or items that are

26  entitled under the applicable legal principles to confidential treatment.  The Parties further acknowledge,

27  as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file

28

                                            1

confidential information under seal.

2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   Confidential: "Confidential" information or items shall be limited to those materials that are believed in good faith to contain or constitute information that is subject to protection under the Federal Rules of Civil Procedure or other applicable rules as proprietary, trade secret, private or otherwise commercially sensitive information.  The "Confidential" designation shall not include any material that has been placed in the public domain and/or has been made available as a matter of public record.

2.4   Highly Confidential: "Highly Confidential – Attorneys' Eyes Only" information or items shall be limited to extremely sensitive "Confidential" information or items the disclosure of which to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7   Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

2.8   Protected Material: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

2.9   Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2

1      2.10    House Counsel:  attorneys who are employees of a Party.

2      2.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support

3 staffs).

4      2.12    Expert: a person with specialized knowledge or experience in a matter pertinent to the

5 litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant

6 in this action and who is not a current employee of a Party or of a current competitor of a Party.  This

7 definition includes a professional jury or trial consultant retained in connection with this litigation.

8      2.13    Professional Vendors: persons or entities that provide litigation support services (e.g.,

9 photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing,

10 retrieving data in any form or medium; etc.) and their employees and subcontractors.

11      3.      SCOPE

12      The protections conferred by this Stipulated Protective Order cover not only Protected Material

13 (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all

14 copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations,

15 or presentations by Parties or their Counsel that might reveal Protected Material. However, the

16 protections conferred by this Stipulated Protective Order do not cover any information that is in the

17 public domain at the time of disclosure to a Receiving Party or that becomes part of the public domain

18 after its disclosure to a Receiving Party as a result of publication not involving a violation of this

19 Stipulated Protective Order, including becoming part of the public record through trial or otherwise. Any

20 use of Protected Material at trial shall be governed by a separate agreement or court order.

21      4.      DURATION

22      Even after final disposition of this litigation, the confidentiality obligations imposed by this

23 Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or

24 a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

25 claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the

26 completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including

27 the time limits for filing any motions or applications for extension of time pursuant to applicable law.

28

STIPULATED PROTECTIVE ORDER                                    Case No. 2:13-CV-00433-MCE-AC
*FTL 109418753v1*

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection.

Each Party or Non-Party that designates information or items for protection under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order. Mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulated Protective Order is to be clearly so designated before disclosure or production.

Designation in conformity with this Stipulated Protective Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings, such as "REDACTED").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made

4

available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

After the Receiving Party has identified the material it wants copied and produced, the Producing Party

must determine which material, or portions thereof, qualify for protection under this Stipulated Protective

Order, then, before producing the specified material, the Producing Party must affix the appropriate

legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") on  each

page or item that contains Protected Material.

In the event that a Party redacts any information from a document, the redacted material shall be

labeled "REDACTED" so that the location from which the information was redacted is clear.

(b)     For testimony given in deposition or in other proceedings outside of open court or trial,

that any Party or non-party believes should be designated "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Designating Party or non-party shall have up to

20 days to identify the specific portions of the testimony as to which protection is sought and to specify

the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY").  The 20-day period shall run from the receipt by the Designating Party

of the deposition transcript.  Only those portions of the testimony that are appropriately designated for

protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.  The

Designating Party shall be required to provide notice to the court reporter detailing those sections of the

deposition transcript that are being designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY."  To the extent feasible, the court reporter shall separate those sections

before producing an official transcript and shall produce the pages designated as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a separately bound section.  If this is

not feasible or if the official transcript has already been completed, then the notice from the Designating

Party shall be affixed by the court reporter to the official transcript provided to any party.  The Parties

may agree to waive the 20-day designation period to enable disclosure of the transcript, or portions

thereof, to their clients or for use of the transcript, or portions thereof, for non-confidential court filings

before the 20-day period has expired.  The Parties agree not to withhold agreement unreasonably.

(c)     For information produced in some form other than documentary, and for any other

tangible items, that the Producing Party affix in a prominent place on the exterior of the container or

5

1   containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY

2   CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3       5.3   Inadvertent Failures to Designate. If corrected within a reasonable period of time, an

4   inadvertent failure to designate information or items as "Confidential" or "Highly Confidential –

5   Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection

6   under this Stipulated Protective Order for such material.  If material is appropriately designated as

7   "Confidential" or "Highly Confidential – Attorneys' Eyes Only" within a reasonable period of time after

8   the material was initially produced, the Receiving Party, on timely notification of the designation, must

9   make reasonable efforts to assure that the material is treated in accordance with the provisions of this

10   Stipulated Protective Order.

11       Nothing in this Stipulated Protective Order shall require production of information which a party

12   contends is protected from disclosure by the attorney-client privilege or the work product immunity.  If

13   information subject to a claim of attorney-client privilege or work product immunity is nevertheless

14   inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or

15   estoppel as to, any claim of privilege or work product immunity for such information.  Compliance with

16   the foregoing shall not prevent the Producing or Receiving Party from seeking further relief from the

17   Court.  The Parties acknowledge that, by this paragraph, they are not seeking to alter the Federal Rules of

18   Civil Procedure.

19       6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

20       6.1   Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality

21   designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a

22   later significant disruption or delay of the litigation, a Party does not waive its right to challenge a

23   confidentiality designation by electing not to mount a challenge promptly after the original designation is

24   disclosed.

25       6.2   Meet and Confer.   A Party that elects to initiate a challenge to a Designating Party's

26   confidentiality designation must do so in good faith and must begin the process by conferring with

27   counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its

28   belief that the confidentiality designation was not proper and must give the Designating Party an

6

1    opportunity to review the designated material, to reconsider the circumstances, and, if no change in

2    designation is offered, to explain the basis for maintaining the chosen designation. A challenging Party

3    may proceed to the next stage of the challenge process only if it has engaged in this meet and confer

4    process first.

5        6.3     Judicial Intervention. A Party that elects to continue a challenge to a confidentiality

6    designation after considering the justification offered by the Designating Party may file and serve a

7    motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each

8    such motion must be accompanied by a competent declaration that affirms that the movant has complied

9    with the meet and confer requirements imposed in the preceding paragraph and that sets forth with

10    specificity the justification for the confidentiality designation that was given by the Designating Party in

11    the meet and confer.

12        In connection with any motion filed under this provision, the Designating Party shall bear the

13    burden of establishing that the material in question is entitled to the confidentiality designation sought by

14    the Designating Party.

15        Until the Court rules on the challenge, all Parties shall continue to afford the material in question

16    the level of protection to which it is entitled under the Designating Party's designation.

17        7.       ACCESS TO AND DISCLOSURE OF PROTECTED MATERIAL

18        7.1     Basic Principles. A Receiving Party may disclose Protected Material that is produced by

19    another Party or by a non-party in connection with this case only for prosecuting, defending, or

20    attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of

21    persons and under the conditions described in this Stipulated Protective Order. When the litigation has

22    been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

23    DISPOSITION).

24        Protected Material must be stored and maintained by a Receiving Party at a location and in a

25    secure manner that ensures that access is limited to the persons authorized under this Stipulated

26    Protective Order.

27        7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the

28    Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information

STIPULATED PROTECTIVE ORDER                     Case No. 2:13-CV-00433-MCE-AC
*FTL 109418753v1*

1    or item designated CONFIDENTIAL only to:

2          (a)      the Receiving Party's Outside Counsel of record in this action, as well as employees of

3    said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

4          (b)      officers, directors, and employees (including House Counsel) of the Receiving Party to

5    whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

6    Bound by Protective Order" (Exhibit A);

7          (c)      Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom

8    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound

9    by Protective Order"  (Exhibit A);

10         (d)      the Court and its personnel;

11         (e)      court reporters, their staffs, and professional vendors to whom disclosure is reasonably

12   necessary for this litigation;

13         (f)      during their depositions, witnesses in the action to whom disclosure is reasonably

14   necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) or who

15   have agreed on the record at the deposition to be bound.  If a deposition transcript will contain testimony

16   or exhibits that reveal Protected Material, but such transcript has not yet been prepared, pages or

17   depositions that reveal Protected Material must, to the extent possible, be separately bound by the court

18   reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

19         (g)      the author or an original recipient of a document; and

20         (h)      any current employee of a Party or a Party affiliate who was an author or original recipient

21   of a document.

22         7.3      Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information

23   or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a

24   Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL –

25   ATTORNEYS' EYES ONLY" only to:

26         (a)      the Receiving Party's Outside Counsel of record in this action, as well as employees of

27   said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

28         (b)      House Counsel of the Receiving party to whom it is reasonably necessary to disclose the

8

information for this litigation who has signed the "Agreement to be Bound by Protective Order" (Exhibit A);

(c)     Experts (as defined in this Stipulated Protective Order) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A),

(d)     the Court and its personnel;

(e)     court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(f)     the author of, the original source for the information within or an original recipient of a document;

(g)     if the Parties agree on the record at the deposition, the Parties may agree to permit disclosure to witnesses in the action to whom disclosure is reasonably necessary.  If a deposition transcript will contain testimony or exhibits that reveal Protected Material, but such transcript has not yet been prepared, pages or depositions that reveal Protected Material must, to the extent possible, be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(h)     any current employee of a Party or a Party affiliate who was an author or original recipient of a document.

7.4     <u>Outside Counsel and Experts.</u>  Any Outside Counsel or Expert who has been afforded access to information or items from a Producing Party which has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," particularly information or items relating to Producing Party's business, sales and marketing activities, shall not disclose, use or apply such information or items for any purpose other than for work or services performed within the scope of prosecuting, defending, and/or settling this case.

7.5     <u>Parties' Own Confidential Information.</u>  Nothing in this Stipulated Protective Order shall limit a Party's ability to use or disclose its own Protected Material.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the non-party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Stipulated Protective Order.   In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties of the existence of this Stipulated Protective Order and to afford the Designating Party in this case an opportunity to try to maintain its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court relative to its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10

1   If a Receiving Party learns that it has received from a Disclosing Party a document or thing

2   that appears on its face to contain privileged material that has been inadvertently disclosed, the

3   Receiving Party shall immediately notify the Disclosing Party of the identity of the material that

4   appears on its face to be privileged.

5      10.   FILING PROTECTED MATERIAL

6      If material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

7   EYES ONLY" is incorporated into or attached to a pleading filed with the Court, arrangements shall be

8   made (a) to file an application to file the documents under seal, (b) to separately bind those exhibits, as

9   well as confidential portions of the pleading, and (c) to place them in a sealed envelope on which the

10   following statement is displayed:

11
> Filed under seal pursuant to the Protective Order dated [INSERT DATE].
> Contains confidential documents filed in *Best Buy Stores, L.P. v. LF2 Rock*
12
> *Creek LP*, Case No. 2:13-CV-00433-MCE-AC.  Not to be opened or the
> contents thereof displayed or revealed except to persons authorized to
13
> inspect them.

14   If the confidential portion of the pleading or transcript cannot be conveniently segregated, the entire

15   pleading or transcript shall be deemed confidential.

16      11.   FINAL DISPOSITION

17      11.1   Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

18   days after the final termination of this action, each Receiving Party must return all Protected

19   Material to the Producing Party or destroy it.  As used in this subdivision, "all Protected Material"

20   includes all copies, abstracts, compilations, summaries or any other form of reproducing or

21   capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed,

22   the Receiving Party must submit a written certification to the Producing Party (and, if not the same

23   person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category,

24   where appropriate) all the Protected Material that was returned or destroyed and that affirms that

25   the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms

26   of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel

27   are entitled to retain an archival copy of all Protected Material in pleadings, motion papers,

28   transcripts, legal memoranda, correspondence or attorney work product, even if such materials

11

1  contain Protected Material.  Any such archival copies that contain or constitute Protected Material

2  remain subject to this Stipulated Protective Order as set forth in Section 4 (DURATION), above.

3         12.     MISCELLANEOUS

4         12.1 <u>Right to Further Relief</u>. Nothing in this Stipulated Protective Order abridges the right

5  of any person to seek the modification of this Stipulated Protective Order by the Court in the future.

6         12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated

7  Protective Order, no Party waives any right it otherwise would have to object to disclosing or

8  producing any information or item on any ground not addressed in this Stipulated Protective Order.

9  Similarly, no Party waives any right to object on any ground to use in evidence of any of the

10  material covered by this Stipulated Protective Order.

11         13. <u>THIRD PARTY DOCUMENTS PRODUCED  PURSUANT TO SUBPOENA</u>

12         13.1.   For documents produced pursuant to subpoena or subpoena duces tecum or in other

13  proceedings outside of open court or trial, that any Party or non-party believes should be designated

14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," that

15  Designating Party shall have a right up to 20 days to designate the document to which protection is

16  sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

17  CONFIDENTIAL - ATTORNEYS' EYES ONLY").  The 20-day period shall run from the receipt

18  by the Designating Party of the documents from the third party.  During the initial 20-day period

19  documents produced by a third party shall be treated as "HIGHLY CONFIDENTIAL -

20  ATTORNEYS' EYES ONLY" until the 20-day designation period has expired. Only those

21  documents that are appropriately designated for protection within the 20 days shall be covered by

22  the provisions of this Stipulated Protective Order.  The Designating Party shall be required to

23  provide notice detailing those documents

24  that are being designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS'

25  EYES ONLY."

26  //

27  //

28  //

STIPULATED PROTECTIVE ORDER                   Case No. 2:13-CV-00433-MCE-AC
*FTL 109418753v1*

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD..

2

3    DATED: _____, 2013.            ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

4

5                                        By:_____
                                            Michael A. Geibelson, Esq.

6                                        Attorneys for Plaintiff Best Buy Stores, L.P.

7

8    DATED: _____, 2013.            GREENBERG TRAURIG, LLP

9

10                                       By_____
                                            William J. Goines
11                                          Cindy Hamilton
                                            Alice Y. Chu
12                                       Attorneys for Defendant LF2 Rock Creek LP

13

14

15

16                                    **ORDER**

17

18       PURSUANT TO STIPULATION, IT IS SO ORDERED.

19

20   Dated:   March 26, 2014

21                                       _____
                                         ALLISON CLAIRE
22                                       UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER                    Case No. 2:13-CV-00433-MCE-AC
FTL 109418753v1

## **EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full

address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United States District Court for the Eastern District of California

on _____[date] in the case of  *Best Buy Stores, L.P. v. LF2 Rock Creek LP*, Case No. 2:13-

CV-00433-MCE-AC.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern

District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of the action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

14

STIPULATED PROTECTIVE ORDER                                      Case No. 2:13-CV-00433-MCE-AC
*FTL 109418753v1*